UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWARD DIONTA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-133-CVE-CDL |
| | ) | |
| CITY OF TULSA and OFFICER GIRARD, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's complaint (Dkt. # 1) and motion for leave to proceed without prepayment of fees or costs (Dkt. # 2). On April 4, 2023, plaintiff Edward Dionta White filed a pro se complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees"). Because the Court authorizes plaintiff to proceed without prepayment, he is not required to pay the $52 administrative fee.

Plaintiff has filed a pro se complaint using a form provided by the Court Clerk, and he has checked the box in the jurisdictional section of the complaint indicating that he intends to allege federal law claims against state or local officials under 42 U.S.C. § 1983. Dkt. # 1, at 3. Plaintiff

states that he was arrested while shopping at a Walmart Supercenter in Tulsa, Oklahoma, and he claims that police officers used excessive force when taking him into custody. Id. at 4-5. He alleges that several unidentified police officers dragged him out of the store and he suffered a broken rib cage. Id. at 5. Plaintiff claims that he was taken to the David L. Moss Criminal Justice Center, and he was denied medical care for over 10 days. Plaintiff states that he was charged with assault and battery on a police officer and other "fraudulent charges." Id. Plaintiff requests damages in excess of $125,000 for bodily injuries and emotional distress caused by defendants' medical negligence. Id. at 5. Plaintiff's complaint contains no specific allegations concerning the conduct of "Officer Girard" who has been named as a defendant.

Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

Plaintiff has filed a pro se complaint using a form provided by the Court Clerk and, in the statement of jurisdiction, he has checked the box indicating that he intends to allege a § 1983 claim against defendants. However, he appears to be alleging a medical negligence claim against the City and this type of claim would arise under state law. Even though plaintiff is proceeding pro se, he must follow the same rules as other litigants and he is not exempt from the requirements of

Oklahoma's Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 (GTCA). Before bringing a tort claim against the state or a political subdivision within the state, a claimant must file notice with the political subdivision within one year of the loss. OKLA. STAT. tit. 51, § 156. Compliance with the notice requirement is jurisdictional, and a tort claim against a political subdivision must be dismissed if the plaintiff fails to allege compliance with the notice requirement. Hall v. GEO Group, Inc., 324 P.3d 399 (Okla. 2014). It is not clear if plaintiff actually intends to allege a negligence claim against the City under state law, but any state law tort claim against the City would be dismissed due to plaintiff's failure to allege compliance with the GTCA's notice provision.

The Court will also consider whether plaintiff's complaint could be construed to allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). To establish an Eighth Amendment violation, a plaintiff must demonstrate that a prison official acted with "deliberate indifference" by knowing and disregarding an excessive risk to an inmate's health or safety. Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000); Farmer v. Brennan, 511 U.S. 825, 837 (1994). A plaintiff establishes a deliberate indifference claim by satisfying the claim's objective and subjective components.

Sealock, 218 F.3d at 1209.  The same standards also apply to persons held in state custody as pretrial detainees through the Due Process Clause of the Fourteenth Amendment.  Paugh v. Uintah County, 47 F.4th 1139, 1153-54 (10th Cir. 2022).

Under § 1983, a plaintiff may not sue a municipal entity under a respondeat superior liability theory.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, to establish a § 1983 claim against a municipal entity, "a plaintiff must allege facts showing (1) an official policy or custom, (2) causation, and (3) deliberate indifference." Lucas v. Turn Key Health Clinics, LLC, 58 F.4th 1127, 1145 (10th Cir. 2023). A plaintiff may establish the existence of an official policy or custom by alleging a "systemic failure of medical policies and procedures." Id.  Additionally, a plaintiff may sufficiently allege municipal liability where a custom or policy is carried out with insufficient staff. Garcia v. Salt Lake Cnty., 768 F.2d 303. 306-08 (10th Cir. 1985).  Plaintiff makes no allegations suggesting that he was denied medical care due to an official policy or custom maintained by the City of Tulsa, and he has not stated a claim against this defendant for the unconstitutional denial of medical care.  Plaintiff has also made no allegations concerning the conduct of Officer Girard, and his claim against Officer Girard should also be dismissed for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. A separate judgment of dismissal is entered herewith.

**DATED** this 7th day of June, 2023.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE